UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN K. BOLIN,

    Plaintiff,

    v.      CAUSE NO.: 3:17-CV-975-JD-MGG

SEAN M. PERSIN, et al.,

    Defendants.

OPINION AND ORDER

Stephen K. Bolin, a prisoner without a lawyer, filed a vague complaint against ten defendants. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bolin was convicted and sentenced for Obstruction of Justice and he is suing ten defendants related to his arrest, conviction, and incarceration. He alleges Investigator Sean C. Leshney made a false statement of material fact in the Affidavit of Probable Cause. The Fourth Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination

that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) *quoting Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). Here, though Bolin attached the Affidavit (ECF 1-2 at 1), he does not explain which statements are false nor why he believes Investigator Leshney knew they were false. Neither does he say whether he challenged the Affidavit of Probable Cause during his State criminal trial – and if he did, what was the result. With the answers to these questions, Bolin may be able to state a claim against Investigator Leshney. But as plead, the complaint does not state a claim against him.

Boling alleges Prosecutors Patrick Harrington and Kristan McVey used the Affidavit to charge him with Obstruction of Justice. He alleges McVey entered evidence in the record during his trial and elicited testimony from witnesses. All of these actions were taken "as an advocate for the State" for which they have absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Therefore these claims and defendants must be dismissed.

On January 10, 2017, an arrest warrant was issued for Bolin.[1] On January 23, 2017, Bolin alleges Detectives D.J. Morgan and Travis Dowell arrested him and took him to the Tippecanoe County Jail which was operated by Sheriff Richards. However the complaint provides no explanation as to why it was wrong for the detectives to have

---

[1] *State v. Bolin*, 79D05-1701-F6-000038 (Tippecanoe Superior Court filed January 9, 2017), https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IIpEY3pNekl5T0RFeE1qSXdPak13TWpFMk5qVXlOalE5In19.

executed the warrant or for the sheriff to have held him in jail pending trial. Therefore these claims and defendants must be dismissed.

Bolin alleges Judge Sean M. Persin denied motions, found him guilty, and sentenced him to prison. Bolin alleges the judge's rulings were wrong. However, "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks, footnote, and citation omitted). Here, Judge Persin had jurisdiction to preside over Bolin's criminal trial. Therefore he had judicial immunity and these claims must be dismissed.

Finally, Bolin sues Indiana Department of Correction Commissioner Robert E. Carter, Jr., Westville Warden Mark Savier, and Governor Eric J. Holcomb for wrongfully holding him in prison because he should not have been convicted. Nevertheless, Bolin acknowledges he was convicted. Bolin did not file a direct appeal and he has not yet filed a post-conviction relief petition challenging this conviction.[2]

---

[2] *See State v. Bolin*, 79D05-1701-F6-000038 (Tippecanoe Superior Court filed January 9, 2017), and https://public.courts.in.gov/mycase/#/vw/SearchResults/eyJ2Ijp7Ik1vZGUiOiJCeVBhcnR5IiwiQ2FzZU51bSI6bnVsbCwiQ2l0ZU51bSI6bnVsbCwiQ3Jvc3NSZWZOdW0iOm51bGwsIkZpcnN0Ijoic3RlGhlbiIsIk1pZGRsZSI6bnVsbCwiTGFzdCI6ImJvbGluIiwiQnVzaW5lc3MiOm51bGwsIkRvQlN0YXJ0IjpudWxsLCJEb0JFbmQiOm51bGwsIk9BTnVtIjpudWxsLCJCYXJOdW0iOm51bGwsIlNvdW5kRXgiOm5ZhbHNlLCJDb3VydEl0ZW1JRCI6MTc1LCJDYXRlZ29yeWVzIjpbIkNWIl0sIkxxpbWl0cyI6bnVsbCwiQWR2YW5jZWQiOnRydWUsIkFjdGl2ZUZsYWciOiJBbGwiLCJaYWxlU3RhcnQiOm51bGwsIkZpbGVFbmQiOm51bGwsIkNvdW50eUNvZGUiOm51bGx9fQ==

"Habeas corpus is the exclusive remedy for a state prisoner seeking to challenge the fact or duration of his custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). But Bolin has not filed a habeas corpus petition challenging this conviction either. Bolin has not yet had his sentence reversed or overturned. Therefore the complaint does not state a claim against these defendants and these claims must be dismissed.

As explained, this complaint does not state a claim against any defendant. However, it is possible Bolin could state a claim against Investigator Sean C. Leshney if he provided more information. Therefore, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, Bolin needs to name Investigator Sean C. Leshney as a defendant and present the claims against him. Bolin needs to specifically identify which statements in the Affidavit are false and explain why he believes Investigator Leshney knew they were false. He also needs to say whether he challenged the Affidavit of Probable Cause during his State criminal trial – and if he did, what was the result.

For these reasons, Stephen K. Bolin is GRANTED until March 29, 2018, to file an amended complaint and CAUTIONED if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 23, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4