UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN K. BOLIN,

    Plaintiff,

    v.      CAUSE NO.: 3:17-CV-975-JD-MGG

SEAN C. LESHNEY,

    Defendant.

## OPINION AND ORDER

Stephen K. Bolin, a prisoner without a lawyer, filed an amended complaint against Sean C. Leshney, the Tippecanoe Prosecutor's Chief Digital Forensics Investigator. Bolin alleges Leshney lied on the probable cause affidavit used to obtain the warrant for his arrest. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bolin was convicted and sentenced for Obstruction of Justice. He alleges Leshney made a false statement of material fact in the Affidavit of Probable Cause. The Fourth Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and

the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) *quoting Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). Here, the false statement was not material. Therefore this compliant does not state a claim.

The relevant facts here are somewhat complicated. Thankfully, Bolin has attached a copy of the direct appeal brief from his State criminal conviction. The Statement of Facts section of his brief to the Court of Appeals of Indiana provides the relevant underlying facts.

> Between the dates of June 25, 2016 and September 4, 2016, Bolin and James Trans[1] were roommates at the Tippecanoe County Jail. On September 4, 2016, Bolin was released from the Tippecanoe County Jail. As of September, 2106 [sic], Detective Dowell of the Tippecanoe County Sheriff's Department was the lead investigator on charges pending against Trans which alleged that he had molested his three daughters. Between the afternoon hours of September 11 and the early morning hours of September 12, 2016, Dowell received three e-mails relating to the Trans case which he forwarded to Chief Investigator Dawn Gross of the Tippecanoe County Prosecutor's Office.
> The first two e-mails were virtually identical and came from samualsmith645@gmail.com. Those e-mails stated that the author is a respected member of a church and would lose his position if he physically came forward, but wanted to relate that he had overheard a conversation between Lindsey Bishop and S.T. (one of the alleged victims in the Trans case) to the effect that "the plan to falsely accuse S.T.'s father of sexual acts was working perfectly". Those e-mails went on to say that Bishop and S.T. were "laughing about how they got Church Counselor Susan Moody and S.T.'s sisters to go along with the false accusations". The third e-mail came from singlefather_of_one@yahoo.com and the author was identified as Stephen Bolin. That e-mail contained an attached letter to Honorable Judge Busch (presiding Judge on Trans' case) from Stephen K. Bolin with

---

[1] The brief misspells the name as "Trans," but his name is actually "Tran." *See State v. Tran*, 79C01-1606-FA-000004 (Tippecanoe Circuit Court filed 6/22/2016), docket sheet available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik1ERXpOVEV3T0RFeE1qTXdPakUyTlRFeU1qUXlOV1k9In19.

a telephone number of (765) 476-3214. In the attached letter to Judge Busch, Bolin relates that both he and Trans reviewed discovery materials which Trans had received on August 12, 2016 and noted that the alleged victims had not described distinct characteristics of Trans' penis, including birthmarks. Bolin's letter went on to say that two of the alleged victims in the Trans case had initially denied being molested in statements given to investigators on June 5, 2016, but were then coerced into giving different accounts in statements provided June 12, 2016. On September 12, 2016, Bolin gave a statement to Gross wherein he admitted to sending the e-mail from the singlefather_of_one@yahoo.com account, but denied sending the e-mails from the samuelsmith645@gmail.com account. Due to the timing of the e-mails and similar grammatical errors contained therein, Gross suspected that Bolin sent all e-mails in question. The Prosecutor's Office thereafter obtained records from Google and Yahoo which demonstrated that all e-mails in question had been sent from the Knight's Inn on State Road 26 East in Lafayette where Bolin had been staying at the time and that telephone number (765) 476-3214 was associated with both e-mail accounts.

ECF 12-1 at 34 and 28 (citations omitted).[2]

The Affidavit of Probable Cause, provides the other necessary facts. The emphasized sentence is the one Bolin argues is false.

> On September 11th, 2017 at 2249 hours an email was sent from samualsmith645@gmail.com to Attorney Brett Gibson, Tippecanoe County Sheriff's Detective Dowell, www.jconline@gmail.com, and wlfi.com@gmail.com. The email purported to be from a "Samual Smith" and asserted that he was "respectable person in the church and would lose that position if I physically came forward" if he stated "what he heard". **"Smith" claimed he overheard a conversation between two victims in a child molestation case, State v. Tran, discussing that the victims were falsely accusing the molester.** The email went on to state "As someone in my position, I can't physically come forward because of my oath to the church, but I can let the Press know." Approximately sixteen minutes after the "samualsmith" email was received, Detective Dowell received an email from Stephen Bolin stating he intended to file a letter with the court concerning the same child molesting case, State v. Tran as was referenced in the samualsmith email and which asserted "I

---

[2] The pages of the brief were not scanned in numerical order, but the quoted section comes from pages 4 and 5 of the Brief of Appellant Stephen Keith Bolin, Jr.

> am not going to allow you or the Prosecutors office to Convict an Innocent Man." Bolin did also send letters to the court purporting to have seen the accused's penis and describing that the victims in the molest case were surely lying if not able to describe it (defendant's penis) they [sic] way he (Bolin) observed it to be. Investigation of the matter revealed that Bolin had been jail cell mates with the accused in State v. Tran[s], and that Tran had made arrangements to give Bolin access to his bank accounts. While Bolin told others that he took the money from Tran to help him "hire a new attorney" for his case, that amount of money is insufficient to hire an attorney and instead believed to have been a "pay-off" to Bolin for his efforts to mislead the court, police and prosecutors about Tran's case. Investigator Jeremy Stanley made contact with Bolin, but he denied having sent any of the "Smith" emails. However, further investigation, including forensic analysis of the emails/internet records, revealed that Bolin had in fact sent the emails and had pretended to be "Samual Smith" in an attempt to mislead police, the court and prosecutors on Tran's behalf.

ECF 12-1 at 4 (emphasis added). Finally, Bolin quotes part of the email which said: "I overheard a conversation between Lindsey Bishop and S--- T--- stating that the Plan to Falsely Accuse S--- T--- father of Child Molestation was working perfectly." ECF 12 at 3.

Bolin argues that nowhere in the original email is the word "victim" used. However, he states, "[t]he only victim that was named within the E-mail was S--- T---." ECF 12 at 3. Because S--- T--- was a victim in State v. Tran, it was not a false statement to have referred to her as a victim in the Affidavit.

Bolin also argues that Lindsey Bishop was not a victim and the affidavit falsely states that the conversation was between two victims. Bolin argues this was an intentional misrepresentation because Leshney had been working on the State v. Tran case for over four months and knew Lindsey Bishop was not a victim. As such, at this stage Bolin has plausibly alleged that Leshney intentionally and falsely swore under penalty of perjury that the email discussed a conversation between two victims.

4

However, it was not relevant to the issuance of the warrant whether the conversation included one victim or two. Rather, the critical part of this sentence in the affidavit is that a victim, S--- T---, was overheard saying she was falsely accusing her father, James Tran, of having molested her. Because the false statement was not necessary to the issuance of the warrant, this complaint does not state a claim.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on March 26, 2018

                                                /s/JON E. DEGUILIO  
                                                JUDGE  
                                                UNITED STATES DISTRICT COURT